UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHIRLEY A. CATE,<br><br>      Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>      Defendant. | NO: 13-CV-0249-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 16 and 17). Plaintiff is represented by Joseph Linehan. Defendant is represented by Sarah L. Martin. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on A=June 7, 2010, alleging an onset date of May 20, 2010. Tr. 117-120. Her claims were denied initially and on reconsideration, Tr. 74-77; 83-85, and Plaintiff requested a hearing, Tr. 87-89. Plaintiff appeared for a hearing before an administrative law judge on March 13, 2012, in Spokane, Washington. Tr. 44-71. The ALJ issued a decision on April 10, 2012, finding that Plaintiff was not disabled under the Act. Tr. 22-36.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 7, 2010, the date of her application for Title XVI benefits. Tr. 24. At step two, the ALJ found that Plaintiff had severe impairments, Tr. 24, but at step three, the ALJ found that these impairments did not meet or medically equal a listed impairment. Tr. 25-27. The ALJ then determined that Plaintiff had the following RFC:

> The claimant is able to lift no more than 20 pounds at a time, and can lift and/or carry 10 pounds frequently. She can stand and/or walk for a total of 6 hours in an 8-hour workday, and can sit for a total of 6 hours in an 8-hour workday. Pushing and pulling are unlimited within the aforementioned lift and carry limitations. The claimant should never climb ladders, ropes, or scaffolds. She can occasionally climb ramps

and stairs, balance, stoop, crouch, kneel, and crawl. She should avoid concentrated exposure to excessive vibration and hazards such as unprotected heights and moving machinery. She is capable of simple, routine, repetitive tasks. She is capable of occasional, simple decisionmaking and can adjust to occasional, simple changes in the work setting. She would need additional time to adjust to changes. Her work should not include fast-paced production requirements. She is capable of superficial contact with coworkers, supervisors, and the general public.

Tr. 27. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 34. At step five, after considering the Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy in representative occupations such as housekeeping cleaner, cafeteria attendant, and cannery worker. Tr. 35. Thus, the ALJ concluded that Plaintiff was not disabled and denied her claim on that basis. Tr. 36.

On April 19, 2012, Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 17-18. The Appeals Council denied Plaintiff's request for review on May 24, 2013, Tr. 1-5, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income under Title XVI of the Social Security Act.

1  Plaintiff contends the ALJ did not properly consider nor reject the opinions of Dr.

2  Mabee, Dr. Arnold, and Ms. Bemis.  ECF Nos. 16 at 15-17; 18 at 3.

3  **DISCUSSION**

4  **A. Examining Physician Opinions**

5  There are three types of physicians: "(1) those who treat the claimant

6  (treating physicians); (2) those who examine but do not treat the claimant

7  (examining physicians); and (3) those who neither examine nor treat the claimant

8  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

9  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

10  Generally, a the opinion of a treating physician carries more weight than the

11  opinion of an examining physician, and the opinion of an examining physician

12  carries more weight than the opinion of a reviewing physician.  *Id.*  In addition, the

13  Commissioner's regulations give more weight to opinions that are explained than

14  to opinions that are not, and to the opinions of specialists on matters relating to

15  their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

16  If a treating or examining physician's opinion is not contradicted, an ALJ may

17  reject it only by offering "clear and convincing reasons that are supported by

18  substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

19  "If a treating or examining doctor's opinion is contradicted by another doctor's

20  opinion, an ALJ may only reject it by providing specific and legitimate reasons

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

that are supported by substantial evidence." *Id.* (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)).  Regardless of the source, an ALJ need not accept a physician's opinion that is "brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

Plaintiff first argues that the ALJ erred in rejecting the opinion of examining physician John Arnold, Ph.D.  ECF No. 16 at 15-16.  The ALJ made the following findings concerning Dr. Arnold:

> The record reflects two Department of Social and Health Services (DSHS) consultative psychological assessments. Both are internally inconsistent, and neither one clearly states that the claimant is unable to work due to mental impairments.
>
> \* \* \*
>
> Dr. Arnold performed a mental status exam. However, he also noted that the claimant's profile on the PAI was deemed invalid, and that her test results potentially involved considerable distortion (B13F4). He did not explain whether or not his opinion accounted for this invalid profile. In addition, his opinion regarding marked social limitations is somewhat inconsistent with the limitations outlined in his medical source statement, which indicates that the claimant would be able to ask simple questions and accept instructions. For these reasons, the undersigned gives Dr. Arnold's opinion little weight.

Tr. 33.  The ALJ's findings are fully supported by Dr. Arnold's report.  As such, no error has been shown.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

Next, Plaintiff argues the ALJ erred in rejecting the opinion of examining physician W. Scott Mabee, Ph.D., the second DSHS consultative assessment. ECF No. 16 at 15-16. The ALJ made the following findings concerning Dr. Mabee:

> Dr. Mabee noted that the claimant's score in the MMPI-2 was consistent with over-reporting of symptoms, and her profile was deemed invalid (B2F6). He did not explain whether or not his opinion accounted for this invalid profile. In addition, his opinion regarding marked social limitations and severe cognitive limitations is inconsistent with the limitations outlined in his medical source statement, which indicates that the claimant would be able to ask simple questions, accept instructions, request assistance, and perform simple instructions. Finally, Dr. Mabee gave his opinion in December of 2009, which is before the alleged onset date of May 20, 2010. For these reasons, the undersigned gives Dr. Mabee's opinion little weight.

Tr. 33. Again, the ALJ's findings are fully supported by Dr. Mabee's report. Invalidity and exaggeration are clear and convincing reasons for discounting these opinions.

**B. "Other Source" Evidence**

Plaintiff contends the ALJ improperly rejected ARNP Melody Bemis' opinions. ECF No. 16 at 16. Ms. Bemis is an advanced registered nurse practitioner and as such is considered an "other source." 20 C.F.R. §§ 404.1513(d); 416.913(d). Because Ms. Bemis is an "other source" whose opinions about the nature and severity of Plaintiff's impairments are not entitled to controlling weight, the ALJ need only have provided "germane reasons" for

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

rejecting her opinions. SSR 06–03p, 2006 WL 2329939 at *2; *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Here, the ALJ gave the following germane reasons for discounting the probative value of the GAF scores provided in Ms. Bemis' records:

> Counseling records from December of 2010 through December of 2011 reflect GAF scores ranging from 40 to 48 (See B15F13; B32F; B30F). These scores do not give any specific functional limitations. They also are inconsistent with mental health treatment notes that reflect significant improvement in symptoms in 2011. The undersigned gives these scores little probative weight.

Tr. 34.  No error has been shown.

Defendant is entitled to summary judgment.

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 17) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter **JUDGMENT** for **DEFENDANT**, provide copies to counsel, and **CLOSE** the file.

**DATED** August 13, 2014.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11